## CHANGE IN CONDITION OF TESTATOR'S PROPERTY SUBSEQUENT TO EXECUTION OF WILL.

Common Pleas Court of Williams County.

IDA M. KUNKLE, AS EXECUTRIX OF THE WILL OF JOHN M. KUNKLE, DECEASED, V. MINERVA FISHER ET AL.*

Decided, 1913.

*Wills—Distribution of Proceeds from Real Estate—Devised and then Sold by Testator—Will Speaks as of Date of Death of the Testator.*

1. Upon the sale by a testator of devised real estate, the proceeds thereof will not be substituted for such real estate, unless expressly directed by the terms of the will.

2. A will speaks as of the date of the death of the testator, and a bequest to one of "all my personal estate left after my just debts and funeral expenses are paid," passes to such person all of the personal estate of the testator, notwithstanding a large portion thereof is money derived from the sale of real estate, by testator, subsequent to the execution of the will.

*Edw. Gaudern*, for plaintiff.
*Bowersox & Peck*, contra.

MATTHIAS, J.

Ida M. Kunkle, executrix of the will of John M. Kunkle, deceased, seeks the instruction of the court with reference to the provisions of the will of said John M. Kunkle, deceased.

By this will, which was executed February 5th, 1901, testator bequeathed to his wife, Ida M. Kunkle, all his personal estate left after his just debts and funeral expenses are paid. He also gives her the rents, uses and profits of his real estate for six years, and directs that his real estate shall then be sold, and the proceeds divided between his daughter and grandchildren, after paying the wife the value of her dower interest therein.

Said John M. Kunkle died May 4th, 1907, leaving said widow and next of kin named in the petition. At the time of the execution of said will testator was the owner of a farm consisting

*Affirmed by the Court of Appeals without opinion.

of eighty-nine acres, upon which he then resided. Some time after the execution of his will the testator sold sixty-nine acres of that farm and purchased another tract of land containing forty-three acres, and, later, sold that and at the time of his decease was in possession of the proceeds thereof.

We are called upon to determine the construction of this will, and the effect of the change in the condition of testator's property subsequent to the execution of his will and prior to his death.

It is our opinion that the general rule applies that a will speaks as of the date of the testator's death, the bequest being of a general character and not specific in its nature. While the discussion by the court in the case of *Pruden* v. *Pruden*, 14 O. S., 251, and *Kent et al* v. *Mahaffey et al*, 10 O. S., 204, is somewhat instructive, we can not regard those decisions as having application to the issue in the case at bar.

The rule applicable to the case at bar is well stated, in language pertinent, clear and conclusive, in 40 Cyc., 1205 and 1424. A will must be construed as operating according to the state of things existing at the death of the testator. A conveyance of devised property operates as an ademption of the property and, to that extent, is, in effect, a revocation of the will. A further rule there announced which is controlling in the case at bar is, that the proceeds of such sale, of which the testator died possessed, will not be substituted for the property itself, unless a direction so to do is found in the will.

A case quite in point is that of *Webster* v. *Webster*, 105 Mass., 538. Another case fully annotated is that of *Ametrano* v. *Downs*, 58 L. R. A., 719. It is to be observed that the bequest to Mrs. Kunkle was general, and includes all personal property owned by testator at the time of his death.

Our conclusion is, therefore, that Ida M. Kunkle is entitled to all of the personal estate left by the testator after the payment of debts and funeral expenses, and costs of administration, including the money on hand, from whatever source derived, and the real estate belonging to the testator at the time of his death shall be used, and later disposed of and proceeds divided, as provided by the terms of the will.